IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| CARRIE ANN B., | ) | No. 18 CV 50208 |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | District Judge Philip G. Reinhard |
| v. | ) | Magistrate Judge Iain D. Johnston |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| *Defendant.* | ) | |

## REPORT AND RECOMMENDATION

Plaintiff appeals from denial of social security benefits pursuant to Titles II and XVI of the Social Security Act. Dkt. 1. Before the Court is Commissioner's motion to dismiss for plaintiff's failure to appeal the Appeal Council's decision within 60 days as required by 42 U.S.C. § 405(g)–(h). Dkt. 7. For the following reasons, it is this Court's Report and Recommendation that the Commissioner's motion be granted, and this case be dismissed, without prejudice.

## BACKGROUND

An Administrative Law Judge denied plaintiff's claim for social security benefits on May 19, 2017.[1] Upon plaintiff's request, the Appeals Council reviewed the ALJ's decision and sent plaintiff a notice denying her request for relief on April 4, 2018, thus making it the final decision of the Commissioner. Dkt. 7 Ex. 1 at 24. The Appeals Council mailed plaintiff notice of her right to appeal its decision within 60 days of receipt of notice. A copy of the notice was also sent to plaintiff's counsel, who remains as counsel before this Court. The notice further informed plaintiff that (1) the Appeals Council would assume she received the letter within 5 days of sending it, and (2) plaintiff could ask the Appeals Council to extend the time to file an appeal if she had good reason to do so. Plaintiff never asked the Appeals Council for an extension to file an appeal, Dkt. 10 at 3, and the Commissioner is not aware of any such request, Dkt. 7 Ex. 1 at 3 ("Declaration of Dexter Potts Court Case Preparation and Review branch 1 Office of Appellate Operations Social Security Administration"). Plaintiff filed this appeal of the ALJ's decision on June 15, 2018, approximately a week past the 60-day deadline to do so. Dkt. 1.

## ANALYSIS

A claimant must appeal the final decision of the Commissioner of Social Security within 60 days of receipt of notice of denial. 42 U.S.C. § 405(g)–(h). A claimant is presumed to receive

---

[1] The following is drawn from the parties' briefs on this Motion.

a notice of denial "5 days after the date of such notice." 20 C.F.R. § 422.210(c). In this case, the Appeals Council sent plaintiff's denial notice on April 4, 2018. Under 20 C.F.R. § 422.210(c), plaintiff is deemed to have received it five days later, or on April 9, 2018. She had 60 days from that date, or until June 8, 2018, to file this lawsuit in lieu of requesting an extension to file an appeal from the Appeals Council. Plaintiff's counsel never sought an extension from the Appeals Council as they were "not aware of any good cause reasons for requesting an extension. . . ." Dkt. 10 at 3. Instead, plaintiff ultimately filed this lawsuit on June 15, 2018, approximately a week past the 60-day deadline of 42 U.S.C. § 405(g)–(h). Indeed, plaintiff agrees that this suit is untimely. Dkt. 10 at 1 ("Plaintiff does not dispute that . . . her complaint was filed four days past the 60[-]day window to appeal."). However, plaintiff's sole argument is that equitable tolling is warranted, and, therefore, the case should not be dismissed. *Id.* at 2.

A plaintiff bears the burden to show that equitable tolling is warranted. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is warranted when a plaintiff shows (1) she has diligently pursued her rights and (2) extraordinary circumstances prevented her from filing her complaint. *Id.*; *see also Bowen v. New York*, 476 U.S. 467, 478–480 (1986) (60-day limitation of § 405(g) is not jurisdictional, but a statute of limitations, therefore equitable tolling can be applied). However, the limitations period of § 405(g) must be strictly construed. *Bowen*, 476 U.S. at 481. Additionally, equitable tolling of a statute of limitation is sparingly granted, "lest the exceptions swallow the rule." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *see also Criss v. Berryhill*, 16 CV 2348, 2017 U.S. Dist. LEXIS 126585, at *4 (N.D. Ill. Aug. 9, 2017).

In this case, plaintiff's counsel explains why they were not able to meet with plaintiff until June 15, 2018. Plaintiff's counsel had tried numerous times to contact plaintiff via phone and left a voicemail for her on April 17, May 2, and May 7, 2018, respectively. Plaintiff's counsel sent a certified letter regarding the denial notice on May 9, 2018. Plaintiff eventually called her counsel and set an appointment on May 14, 2018 to meet with them to discuss the case, yet she missed the appointment. Plaintiff's counsel sent a second certified letter regarding the denial notice on May 21, 2018 and left her another voicemail regarding the same on June 13, 2018. Dkt. 10 at 1. Finally, on June 15, 2018, plaintiff contacted her counsel, travelled to her counsel's office to discuss the case that day, and indicated her desire to appeal the Commissioner's decision. Counsel filed this lawsuit approximately an hour later that same day. *Id.* at 2.

Plaintiff denies receiving the first two letters from her counsel, explaining that she "moves from house to house with friends and family" and has no permanent residence. Dkt. 10 at 3. As to the various phone calls, plaintiff's counsel states that "[i]t is not known whether [plaintiff] received the voicemails counsel left" and therefore it "cannot be said that [plaintiff] did not diligently pursue her case." *Id.* Even if plaintiff was aware of the impending 60-day deadline, plaintiff's counsel argues, she faced various circumstances that prevented her from timely filing her appeal, such as a lack of regular transportation, the onset of heart related symptoms including fatigue, chest pain, and "generally, not feeling well," which require sporadic hospital visits. *Id.* at 3–4.

2

First, plaintiff has not established she diligently pursued this appeal. Plaintiff's counsel sent multiple letters detailing the need to appeal the Commissioner's decision and left plaintiff various voicemail messages regarding the same. Indeed, plaintiff eventually did call and schedule an appointment with her counsel for May 14, 2018, though she inexplicably did not show for the appointment, suggesting she received at least some of the communications from her counsel regarding the need to timely appeal. Plaintiff offers no explanation as to why she missed this appointment or did not reschedule a time to meet with her counsel before the 60-day deadline passed. Instead, after another certified letter sent on May 21 and yet another phone call from her counsel on June 13, plaintiff again called and sought to meet with her counsel on June 15, 2018, almost a month after the missed appointment.[2] That plaintiff scheduled and missed an appointment with her counsel, but otherwise did not respond to numerous letters and phone calls from her counsel, does not evince her diligence in seeking this appeal.[3]

Second, even assuming her actions could be described as diligent, plaintiff has not identified any extraordinary circumstances warranting equitable tolling. She has not identified, for example, specific extraordinary medical circumstances, or that she was misinformed by the Social Security Administration as to the appeals process, or other events that would prevent her from meeting with her counsel in a timely fashion to file an appeal. *See, e.g.*, *Choate v. Berryhill*, 17 CV 742, 2018 LEXIS 97930, at *8–9 (N.D. Ind. June 11, 2018); *Fier v. Astrue*, 11 CV 8705, 2012 U.S. Dist. LEXIS 858174, at *6–8 (N.D. Ill. June 21, 2012) (equitable tolling applicable where plaintiff mislead as to appeal deadlines). Plaintiff has not identified an extraordinary physical, medical or other barrier that prevented her from seeking this appeal to warrant equitable tolling.

However, the Court notes that there is no indication that plaintiff ever requested an extension to file this lawsuit beyond the 60-day limitations period. *See* 21 C.F.R. § 422.210(c). It is the province of the Commissioner to apply 20 C.F.R. § 422.210(c), and the factors delineated in 20 C.F.R. § 404.911(b), to determine whether good cause exists to justify extending the 60-day filing deadline. *See* 20 C.F.R. § 404.982. Therefore, it is the Court' Report and Recommendation that this case be dismissed without prejudice. Plaintiff may refile her complaint if the Commissioner, upon request for an extension of time to file a lawsuit past the 60-day deadline, finds good cause to extend that deadline. *See, e.g.*, *Fier*, 12 U.S. Dist. LEXIS 85817, at *11.

---

[2] Plaintiff managed to schedule an appointment and travel to her counsel's office that very same day despite any transportation issues she may have had. Dkt. 10 at 2.

[3] Plaintiff relies on *Chamberlain v. Colvin*, 15 CV 31, 2016 U.S. Dist. LEXIS 60176 (N.D. Ind. May 5, 2016) for the proposition that the Court may and should consider plaintiff's counsel's diligence as well as her own to determine if equitable tolling applies. Dkt. 10 at 2–3. The Court need not address this issue because, even considering plaintiff's counsel's actions, plaintiff's actions regarding her appeal to this court cannot be described as diligent, especially given that her counsel regularly reminded her of the need to timely appeal.

## **CONCLUSION**

       For those reasons, it is this Court's Report and Recommendation that defendant's motion (Dkt. 7) be granted, and this case dismissed, without prejudice. Any objections to this Report and Recommendation must be filed by April 18, 2019. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

Date:  April 4, 2019                                         By:                                     
                                                                            U.S. Magistrate Judge
                                                                            Iain D. Johnston